UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CARL E. WATSON, I, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.   24-1087-JWB-GEB |
| | ) |
| UNITED STATES DEPARTMENT | ) |
| OF VETERANS AFFAIRS, and | ) |
| OPTUM, | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

## REPORT AND RECOMMENDATION AND NOTICE

This matter concerns the Court's Notice and Order to Show Cause (**ECF No. 7**). Therein, the Court ordered Plaintiff to show cause in writing to the undersigned United States Magistrate Judge, on or before October 11, 2024, why she should not recommend the dismissal of Plaintiff's claims against Defendants the United States Department of Veterans Affairs (the "VA") and Optum without prejudice for failure to timely serve them and for lack of prosecution under Fed. R. Civ. P. 41(b). Plaintiff did not respond to the Court's Notice and Order to Show Cause. For the reasons stated below, the undersigned recommends dismissal of Plaintiff's claims against the VA and Optum without prejudice due to failure to timely serve them and for lack of prosecution pursuant to Fed. R. Civ. P. 41(b).

### I.   Notice

Within fourteen (14) days after a party is served with a copy of this Report and Recommendation, any party, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P.

1

72(b)(2), may file written objections to this Report and Recommendation. A party must file any objections within the fourteen-day period if the party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition.

## II.   Background

Pro se Plaintiff filed his Complaint alleging violations of his civil rights and other claims on May 29, 2024 (Compl., ECF No. 1). Although a Summons issued to Plaintiff as to the VA, U.S. Attorney, and U.S. Attorney General (directed to the U.S. Department of Justice) on May 29, 2024, no return of service or other confirmation of service of process has been filed which would demonstrate service upon the VA before or after the expiration of the August 27, 2024 deadline. To date no summons has even been issued to Plaintiff for service on Optum.

## III.   Recommendation of Dismissal without Prejudice

Plaintiff, as the initiator of this action, has an obligation to prosecute the case. Fed. R. Civ. P. 41(b) permits the Court to sua sponte dismiss an action if "the plaintiff fails to prosecute or to comply with these rules or a court order."[1] A court has discretion to dismiss an action for failure to prosecute.[2] "When dismissing a case without prejudice, 'a district court may, without abusing its discretion, enter such an order without attention to any particular procedures.'"[3] Due to Plaintiff's failure in the approximately six months this case

---

[1] *Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).
[2] *AdvantageEdge Bus. Grp., LLC. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009).
[3] *Id.* (quoting *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Ctr.*, 492 F.3d 1158,1162 (10th Cir. 2007)).

has been pending to perfect service on the VA or undertake any efforts to perfect service on Optum, Plaintiff has failed to prosecute his claims against them.

**IT IS THEREFORE RECOMMENDED** to the District Judge that Plaintiff's claims against Defendants the VA and Optum be dismissed without prejudice for lack of prosecution under Fed. R. Civ. P. 41(b).

**IT IS ORDERED** the Clerk's Office shall mail a copy of the Report and Recommendation and Notice to Carl E. Watson, 7130 W. Maple Street, Suite 230, Wichita, KS 67209, by regular mail.

Dated October 23, 2024 at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge